**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 97-KP-00402-SCT**

*FREDDIE DOUG BURRELL, a/k/a*

*FREDDIE DOUG BURRELL, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/97 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  BILLY L. GORE |
| DISTRICT ATTORNEY: | RICHARD DOUGLASS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/3/98 |

**BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This case challenges the validity of conviction and habitual offender sentence. Burrell was convicted for sale of a controlled substance within 1500 feet of a school as an habitual offender under § 99-19-83, and was subsequently sentenced to a term of life imprisonment. Upon careful review, we conclude that there is no error mandating reversal. This Court affirms Burrell's conviction and sentence. Burrell assigns the following as error:

1. Whether the Jury Verdict Was Against the Overwhelming Weight of the Evidence and Was the Result of Bias and Prejudice.

2. Whether the Trial Court Erred in Denying Burrell's Motion for Directed Verdict and in Refusing Instruction D-1.

3. Whether the Trial Court Erred in Allowing the State to Amend the Indictment to Add Habitual Offender Status Where Burrell Had Not Been Indicted as an Habitual Offender by the Grand Jury.

4. The Trial Court Erred in Finding Miss. Code Ann. § 41-29-142 Applicable to this Case.

5. The Trial Court Erred in Refusing Burrell's Discovery Request for the Personnel File and Resume of the State's Chief Witness, a Narcotics Agent.

6. The Trial Court Should Not Have Imposed a Life Sentence Without Parole Where the State Failed to Prove Habitual Offender Status and Where Such Sentence Is Disproportionate to the Offense for Which Burrell Was Convicted.

7. Whether Uniform Circuit and County Court Rule 7.09 Constitutes an Unconstitutional Rule Where it Permits Amendment to an Indictment Without it Being Submitted to the Grand Jury.

8. Whether Burrell Was Denied Effective Assistance of Counsel.

9. The Cumulative Effect of Errors Deprived Burrell of a Fair Trial.

## I.

¶2. The appellant's first and second assignments of error, which attack the sufficiency and weight of the evidence, will be considered together. The record evidence supports the jury's verdict finding Burrell guilty of the sale of cocaine. A narcotics agent testified that he purchased six hundred fifty dollars worth of crack cocaine from Burrell. Another narcotics agent testified that he listened to the transaction via body wire worn by the agent who purchased the cocaine. The appellant produced no witnesses on his behalf, nor did he testify. Nothing in the record suggests the trial court abused its discretion in overruling Burrell's motion for directed verdict. Both assignments of error fail.

## II.

¶3. Burrell's third and seventh assignments of error, in which Burrell challenges the State's amendment of his indictment to habitual offender status without first being submitted to the grand jury and the constitutionality of Uniform Circuit and County Court Rule 7.09, which allows amendments to indictments, will be combined as well. Burrell's original indictment charged him with the sale of cocaine in violation of Miss. Code Ann. § 41-29-139, subject to enhanced penalty under § 41-29-142 because the sale occurred within 1500 feet of a public school. Burrell's indictment was amended pursuant to Rule 7.09, which authorizes amendments to indictments to indict the defendant as an habitual offender under Miss. Code Ann. § 99-19-83. The State's action was clearly authorized by Rule 7.09.

¶4. Burrell claims 7.09 is unconstitutional because it allows substantive changes to the indictment without action by the grand jury. As recognized in *Griffin v. State*, 584 So. 2d 1274, 1275 (Miss. 1991), only the grand jury can make amendments to the substance of the offense charged. Rule 7.09 clearly does not authorize amendment to the substance of the offense charged. Although 7.09 does authorize amendments to charge the defendant as an habitual offender under § 99-19-83, this Court held in *Nathan v. State*, 552 So. 2d 99, 106 -07 (Miss. 1989) that § 99-19-83 only affects sentencing and does not affect the substance of the offense charged. Both assignments fail.

## III.

¶5. In his fourth assignment of error, Burrell asserts that § 41-29-142 does not apply to this case. Burrell cites no authority in support of his argument. In addition, the enhancement provision of § 41-29-142 was not applied here. Hence, this assignment fails.

## IV.

¶6. Burrell claims he was denied access to the personnel file and resume of the State's chief witness, narcotics agent James Kitchens, which Burrell wanted to use to impeach Kitchens. Burrell's discovery motion for this information was not denied, however. The court directed that the file be presented to it by Kitchens' employer for in camera review to determine if it contained information admissible for impeachment purposes. Burrell accepted the court's procedure. There is no merit to this assignment.

## V.

¶7. In his sixth assignment of error, Burrell challenges the sentence he was given of life imprisonment without parole, alleging that the State failed to prove he was an habitual offender and that such a sentence for the sale of cocaine is cruel, unusual, and disproportionate. Through official prison records from Louisiana and Mississippi, the State proved Burrell was sentenced to and served four years for armed robbery in the Louisiana Department of Corrections and over one year in the Mississippi Department of Corrections for perjury. The sentence imposed, life without parole, was within the statutory limits of Miss. Code Ann. § 99-19-83 (1994). This assignment thus fails. *Sanders v. State*, 678 So. 2d 663, 669 (Miss. 1996).

## VI.

¶8. Burrell next asserts as error ineffective assistance of counsel. Burrell asserts his counsel was ineffective because he failed to summon appropriate witnesses, failed to adequately cross-examine the State's main witness concerning suspension and pending criminal charges, failed to object to the state's failure to prove habitual offender status, failed to question informant Coleman as to whether he had been convicted of a crime and was a drug user, and failed to meet with him prior to trial to prepare. The record discloses that Burrell's counsel did meet with Burrell to prepare before trial. On February 20, 1997, six days before trial, Burrell's counsel met with him to discuss defenses and to attempt to obtain names of any witness to be used on Burrell's behalf at trial. At that time, Burrell refused to abide with counsel's request for such information. Burrell asserts that he refused to cooperate because he did not "feel comfortable" with counsel's representation. Without names of witnesses, Burrell's attorney could not present any in Burrell's behalf. Contrary to what Burrell argues, his attorney did make objections regarding amendment of the indictment, sentencing as a habitual offender, and admission of documents used to prove Burrell's habitual offender status. On cross-examination of informant Coleman, Burrell's counsel successfully questioned Coleman about any prior convictions, as well as previous drug abuse. As to his assertion that counsel should have questioned Kitchens concerning pending criminal charges against him, this information was not presented in the record as being available for counsel to bring out on cross-exam. Appellant has not shown that any deficiency of counsel's performance constituted prejudice to his defense. A review of the record illustrates that his attorney's actions reflected reasonable trial strategy. No deficiency was found. This assignment fails.

## VII.

¶9. Appellant's final assignment of error, that the cumulative effect of errors deprived him of a fair trial,

ultimately should fail because there were no individual errors committed by the trial court.

¶10. For the foregoing reasons the judgment of the circuit court is affirmed.

¶11. **CONVICTION OF SALE OR TRANSFER OF A CONTROLLED SUBSTANCE, SCHEDULE II (COCAINE), WITHIN 1500 FEET OF A SCHOOL AS AN HABITUAL OFFENDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVE TO, OR BEGIN AFTER, THE SENTENCE IMPOSED IN CASE NO. 6835-2 IN THE CIRCUIT COURT OF MARION COUNTY, MISSISSIPPI.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**