MYERS, J.,
for the Court:
¶ 1. Phillip Carter was convicted in the Circuit Court of Lowndes County for burglary of an unoccupied dwelling. The court sentenced Carter to serve ten years as an habitual offender in the custody of the Mississippi Department of Corrections. The appellant assigns the following issues to be reviewed by this Court:
I. THE TRIAL COURT ERRED IN ALLOWING AN AMENDMENT OF THE INDICTMENT ON THE MORNING OF TRIAL TO REFLECT THAT THE APPELLANT WAS AN HABITUAL OFFENDER; II. INEFFECTIVE ASSISTANCE OF COUNSEL.
FACTS
¶ 2. On May 13, 1996, Phillip Carter was indicted for burglary and larceny of an unoccupied dwelling. In 1998, Phillip Carter was indicted, tried and convicted for a health department quarantine order violation and was serving time on that conviction at the time of this trial. Plea bargain negotiations on this burglary charge yielded an agreed plea of guilty. As reflected in the record, Mr. Carter filed a petition to enter a guilty plea to the lesser charge of larceny on February 17, 1998, approximately one year and three months before the trial of this matter. Mr. Carter decided not to plead guilty on the day before the trial of the burglary charge.
¶ 3. On the morning of this trial, the State informed Mr. Carter that it would be moving to amend the indictment to include habitual offender status and at the close of this case, the State moved to amend the indictment pursuant to the Mississippi Uniform Rules of Circuit and County Court Practice 7.09. Carter objected, asserting that the motion was made to punish Carter for rejecting the plea bargain. He also asserted that he did not receive adequate notice to allow him time to present a defense and that he was unfairly surprised. The trial court overruled the objection and granted the State’s motion to amend the indictment to include habitual offender status.
DISCUSSION
I. THE TRIAL COURT ERRED IN ALLOWING AN AMENDMENT OF *785 THE INDICTMENT ON THE MORNING OF TRIAL TO REFLECT THAT THE APPELLANT WAS AN HABITUAL OFFENDER.
¶ 4. Carter asserts that the prosecution’s amendment of his indictment was a retaliatory measure taken to punish him for refusing to plead guilty. However, the record shows that the prosecution was under the impression that Carter would be pleading guilty up until the day before the trial was to take place. As mentioned, Carter had previously filed a petition to enter a plea of guilty. Because Carter did not withdraw his intention to plead guilty until the day before the trial, the prosecution had no reason to amend the indictment before it did. As such, there is no indication that the amendment was made to punish Carter for refusing to plead guilty.
¶ 5. An amendment to an indictment at trial is permissible so long as such amendment is not “material to the merits of the case” and the defendant is not prejudiced in “his defense on the merits.” Holmes v. State, 660 So.2d 1225, 1226 (Miss.1995) (quoting Miss.Code Ann. § 99-17-13 (1994)). The Mississippi Supreme Court has held that an amendment to an indictment to charge the defendant as an habitual offender is allowed. Burrell v. State, 726 So.2d 160, 162 (Miss.1998). Such an amendment is not viewed as one of substance and is therefore permissible. Under these circumstances, the prosecution acted within its discretion and without malice.
¶ 6. The Mississippi Uniform Rule of Circuit Court Practice 7.09 provides that an amendment “shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.” Carter does not assert that he was unfairly surprised by the amendment, nor does he refute the validity of any of his prior convictions. The issue is therefore without merit.
II. INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. Prior to filing a brief in support of this appeal, Carter’s attorney, Thomas Kesler, filed a motion to dismiss appeal and release counsel and a brief in support thereof. In this brief, Kesler stated that he found no meritorious issues for appeal after having thoroughly reviewed the record. His motion was denied by the Mississippi Supreme Court. Subsequently, Kes-ler filed a brief in support of the appeal raising the first issue. Carter then filed his own brief, challenging the amendment of his indictment and alleging ineffective assistance of counsel.
¶ 8. As we have already addressed the indictment amendment issue, we will now move to the ineffective assistance of counsel. Carter first argues that he received ineffective assistance of counsel at his trial. In order to obtain a reversal on an ineffective assistance of counsel argument, a convicted defendant must show that counsel’s performance was deficient and that the deficient performance prejudiced the defense so severely as to deprive the defendant of a fair trial to such an extent that the result of the trial is unreliable. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Carter’s contention here seems to be that because things did not go his way, his counsel did not do an adequate job. A review of the record reveals no deficiency in the performance of Carter’s attorney. He zealously argued against the amendment of the indictment. The law simply was not on his side in that argument, and therefore, the test for ineffective assistance of counsel is not met. To prevail on a claim of ineffective assistance of counsel, the defendant must meet the two-prong test set forth in Strickland, 466 *786 U.S. at 668, 687, 104 S.Ct. 2062. The Strickland test requires a showing that counsel’s performance was sufficiently deficient to constitute prejudice to the defense. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The appellant has not met his burden on either point in this appeal.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TEN YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.