LEE, C.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On November 16,1976, a jury in the Lauderdale County Circuit Court found Elius Lamar Reed guilty of armed robbery. Reed was sentenced to serve six years in the custody of the Mississippi Department of Corrections (MDOC). Reed was paroled on March 30, 1979, and discharged from the custody of the MDOC on January 5,1983. Reed filed a motion for post-conviction relief on December 4, 1990, which was denied by the trial court. The Mississippi Supreme Court affirmed the trial court’s decision on April 14, 1994.
 
 Reed v. State,
 
 635 So.2d 863 (Miss.1994).
 

 ¶ 2. In 2008, Reed filed a motion for a new trial, alleging that he had newly discovered evidence that would prove his innocence. This evidence, which Reed admittedly received from the FBI in 2000, consisted of a 1976 fingerprint report which stated that “the latent fingerprints previously reported in this case are not identical with the fingerprints of Elius Lamar Reed.” This report was generated several months prior to Reed’s trial. The trial court denied Reed’s motion. Reed filed a motion to reconsider, which was denied. After filing another motion to reconsider, the trial court denied the motion. The trial court assessed $150 in sanctions due to Reed’s continual filing of frivolous motions.
 

 ¶ 3. Reed filed another motion for post-conviction relief on December 23, 2009. The trial court denied the motion and as
 
 *1176
 
 sessed $1,000 in sanctions for frivolous filings. Reed now appeals, asserting that the trial court erred in denying his motion for post-conviction relief. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 8) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 5. In his only issue on appeal, Reed argues that the trial court erred in denying his motion for post-conviction relief. We first note that Reed’s motion for post-conviction relief is moot. According to Mississippi Code Annotated section 99-39-5(1) (Supp.2010), “[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation ... may file a motion to vacate, set aside or correct the judgment or sentence, ... or a motion for an out-of-time appeal....” At the time he filed his first motion for post-conviction relief, Reed was not incarcerated or on parole or probation. Therefore, Reed was not entitled to maintain a motion for post-conviction relief.
 

 ¶ 6. Reed’s motion for post-conviction relief is also barred as untimely as the motion falls outside the three-year time limitation set forth in Mississippi Code Annotated section 99-39-5(2) (Supp.2010). Reed’s motion is likewise barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2010).
 

 ¶ 7. Notwithstanding the procedural bar, we also note that in regard to the exception for newly discovered evidence, Reed must prove that he has evidence, not reasonably discoverable at trial, that would have caused a different result in the conviction or sentence. Miss.Code Ann. § 99-39-5(2)(a)(i). Under this definition, it is clear that the fingerprint reports were reasonably discoverable as they had been generated as early as May 4, 1976, which was seven months prior to trial. This exception is inapplicable to Reed’s claims.
 

 ¶ 8. We cannot find error in the trial court’s decision to deny Reed’s motion for post-conviction relief. This appeal is without merit.
 

 ¶ 9. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.