ROBERTS, J.,
for the Court:
¶ 1. In May 1999, Willie Lee Williams was indicted for the sale or transfer of a controlled substance within 1,500 feet of a school. He was also charged as a subsequent drug offender. In August 1999, Williams went to trial. Prior to voir dire of the jury, the prosecution successfully moved to amend the indictment to charge Williams as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp.2011). The jury found Williams guilty. During a bifurcated proceeding, the Marion County Circuit Court found Williams qualified for enhanced sentencing as a habitual offender. Because Williams was also a subsequent drug offender and had been found to sell drugs within 1,500 feet of a school, the circuit court sentenced him to 120 years in the custody of the Mississippi Department of Corrections (MDOC). Williams filed a direct appeal.
¶ 2. On June 28, 2001, the Mississippi Supreme Court affirmed Williams’s conviction in Williams v. State, 794 So.2d 181 (Miss.2001) (overruled on other grounds by Brema v. State, 995 So.2d 698, 703 (¶ 20) (Miss.2008)). However, the supreme court also found there was insufficient evidence that the underlying drug transaction occurred within 1,500 feet of a school. Id. at 188 (¶27). Consequently, the supreme court reversed the circuit court’s judgment in part and remanded Williams’s case for resentencing. Id. at 190 (¶ 40). On remand, the circuit court sentenced Williams to sixty years in the custody of the MDOC.
¶ 3. Approximately nine years later, Williams filed a motion for post-conviction *486 relief (PCR) styled as a “motion to vacate and set aside conviction and sentence.” According to Williams, the circuit court erred when it allowed the prosecution to amend the indictment to charge him as a habitual offender. Williams reasoned that, by extension, he had been illegally convicted and sentenced as a habitual offender. The circuit court found that Williams’s motion was time barred, procedurally barred because he failed to obtain the supreme court’s leave to file his motion, and further barred by the prohibition against successive writs. Aggrieved, Williams appeals. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. We will not reverse a circuit court’s decision to dismiss a PCR motion unless the circuit court’s decision was clearly erroneous. Dobbs v. State, 18 So.Sd 295, 297 (¶6) (Miss.Ct.App.2009) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). We review questions of law de novo. Id.
ANALYSIS
A. TIME BAR
¶ 5. Williams had three years from the time the supreme court ruled on his direct appeal to file a PCR motion. Miss. Code Ann. § 99-39-5(2) (Supp.2011). The supreme court rendered its decision on Williams’s direct appeal on June 28, 2001. Williams filed his most recent PCR motion approximately ten years later. It follows that Williams’s most recent PCR motion is time-barred.
¶ 6. Section 99-39-5(2) does not necessarily subject all PCR motions to a three-year statute of limitations. Trotter v. State, 907 So.2d 397, 401 (¶ 10) (Miss.Ct.App.2005). Excepted from the time bal-are claims that: (1) there has been an intervening decision that would have adversely affected the outcome of the sentence; and (2) there is newly discovered evidence (that was not reasonably discoverable at trial) which would have caused a different result in the conviction or sentence. Miss.Code Ann. § 99-39-5(2). Additionally, the supreme court has held that the three-year statute of limitations is waived when a fundamental constitutional right is implicated. Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010). “The right to be free from an illegal sentence is a fundamental right.” Brown v. State, 923 So.2d 258, 259 (¶ 4) (Miss.Ct.App.2006) (citation omitted). Williams does not claim any portion of his sentence is illegal other than his sentence as a habitual offender under section 99-19-81, which he claims is illegal solely because the indictment against him was amended to include the habitual-offender charge.
¶ 7. Uniform Circuit and County Court Rule 7.09 states:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Furthermore, in Burrell v. State, 726 So.2d 160, 162 (¶4) (Miss.1998), the supreme court clearly stated that amendments to indictments to charge habitual-offender status are allowed. Such amendments are not substantive amendments and are, therefore, allowed by Uniform Circuit and County Court Rule 7.09. Id. An amendment to include qualification for enhanced *487 sentencing as a habitual offender is allowed because the amendment affects only the sentence imposed and does not affect the substance of the offense for which the individual was originally indicted. Id. It follows that Williams has failed to demonstrate that he is subject to an illegal sentence and, therefore, he has failed to demonstrate that the time bar does not apply. Consequently, his PCR motion is untimely.
B. LEAVE TO PROCEED IN THE CIRCUIT COURT
¶ 8. Williams’s PCR motion is barred for yet another reason. Mississippi Code Annotated section 99-39-7 (Supp. 2011) provides that before a movant in Williams’s circumstance may file a PCR motion in the circuit court, he must first seek and obtain permission to do so from the supreme court. The statute reads, in pertinent part, as follows:
Where the conviction and sentence have been affirmed on appeal or the appeal dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court.
Id. As previously mentioned, the supreme court heard Williams’s direct appeal. Williams, 794 So.2d at 181 (¶ 27). Accordingly, Williams was required to seek and obtain the supreme court’s permission to file his most recent PCR motion. However, the record before us is devoid of any such request, much less an order from the supreme court allowing Williams to pursue his PCR motion in the circuit court.
¶ 9. We have held:
[A]s to post-conviction-relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in section 99-39-27 [ (leave to proceed in the trial court) ] deprives the circuit court — and, necessarily, this Court — of authority to reach the merits of the motion.
Epps v. State, 837 So.2d 243, 245 (¶6) (Miss.Ct.App.2003) (citations omitted). Because Williams failed to obtain permission from the supreme court before he filed his most recent PCR motion, the circuit court lacked jurisdiction to consider the motion.
C. SUCCESSIVE-WRIT BAR
¶ 10. Additionally, Williams’s motion for post-conviction relief is barred for a third reason. An order denying a PCR motion is considered a final judgment and a bar to successive motions. Miss. Code Ann. § 99-39-23(6) (Supp.2011). “Essentially, an appellant is granted one bite at the apple when requesting post-conviction relief.” Dobbs, 18 So.3d at 298 (¶ 9) (citation omitted). There are exceptions to this rule. Id. at (¶ 10). “Pursuant to section 99-39-23(6), a prisoner may file a successive writ if the argument presented within that writ falls under one of the exceptions, has not been previously argued, and has not resulted in a circuit court’s decision rendered on the merits.” Id. (citation omitted). Williams bears the burden of proving that he satisfied at least one of the exceptions to the successive-writ bar. Id. Furthermore, Williams has to prove that even if he satisfied an exception, the circuit court had not previously entered a decision on the merits of those claims. Id. (citation omitted).
¶ 11. Williams filed a direct appeal of his conviction. As mentioned above, the supreme court rendered its decision on Williams’s direct appeal in *488 Williams, 794 So.2d at 181 (¶ 27). In March 2002, Williams filed his first application for leave to file a PCR motion in the circuit court. Williams argued that the “portion of the indictment charging [him] as [a] habitual offender was fatally defective.” The supreme court denied Williams’s application.
¶ 12. In September 2002, Williams again sought the supreme court’s permission to file a PCR motion in the circuit court. As in his first attempt, Williams argued that he had been subjected to illegal sentencing. The supreme court dismissed Williams’s second attempt as a successive writ. Specifically, the supreme court stated, “a similar motion has previously been denied by this [e]ourt and ... the present motion is procedurally barred from consideration as a successive writ.”
¶ 13. In May 2006, Williams filed a third application to proceed in the circuit court. In the PCR motion that was attached to his application, Williams argued that the circuit court erred when it allowed the prosecution to amend the indictment to include a charge that he qualified for enhanced sentencing as a habitual offender. Again, the supreme court denied Williams’s application. The supreme court found Williams’s third application was time barred and, as with his second attempt, barred as a successive writ.
¶ 14. Williams filed his fourth application for leave to proceed in the circuit court in April 2007. Again, Williams argued that he had been illegally sentenced as a habitual offender. The supreme court denied Williams’s application and noted that it was “Williams’s fourth petition for post-conviction relief and all previous petitions [had] in some way concerned his sentencing and [had] been denied.” The supreme court explicitly warned Williams that “[a]ny future frivolous filings ... will result in appropriate sanctions.” We interpret the supreme court’s order to mean that it viewed Williams’s fourth petition for post-conviction relief to be frivolous.
¶ 15. Undeterred, Williams filed a fifth motion for post-conviction relief, which is presently before us on appeal. It appears that, having had no success in obtaining the supreme court’s leave to proceed in the circuit court, Williams attempted to circumvent the supreme court. In addition to finding that Williams’s most recent PCR motion is time-barred and procedurally barred for failure to obtain the supreme court’s leave to proceed in the circuit court, we find his PCR motion is barred as a successive writ.
If 16. There is a three-part test to determine whether a ease filed in forma pauperis should be dismissed as frivolous: (1) whether it has a realistic chance of success; (2) whether it presents an arguably sound basis in fact and law; and (3) whether the proponent can prove any set of facts that would warrant relief. Dock v. State, 802 So.2d 1051, 1056 (1111) (Miss.2001). Williams’s motion never had a realistic chance of success. It was time-barred, barred as a successive writ, and barred because he failed to seek the requisite permission to file it. When an inmate in the custody of the MDOC files a lawsuit that is subsequently dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that inmate faces the possibility of incurring sanctions. Miss.Code Ann. § 47-5-138(3) (Supp.2007). One potential form of sanctions involves forfeiting sixty days of an inmate’s accrued earned time toward his release. Miss.Code Ann. § 47-5-138(3)(b)(i). That sanction may be assessed by the circuit court or a state appellate court. Miss.Code Ann. § 47-5-138(3)(a).
*489 ¶ 17. “Sections 47-5-138(3)(a) and (b) are fully applicable against pro se litigants who seek post-conviction relief.” Dock, 802 So.2d at 1056 (¶ 11) (citation omitted). Despite Williams’s obvious candidacy for sanctions, such an order would have no real effect. Williams was sentenced as a habitual offender under section 99-19-81. As a section 99-19-81 habitual offender, Williams’s sentence cannot “be reduced or suspended nor shall [he] be eligible for parole or probation.” Id. Any inmate sentenced as a habitual offender is not be eligible for earned-time allowance. Miss. Code Ann. § 47 — 5—139(l)(b) (Supp.2007). In other words, Williams has no earned time to forfeit.
¶ 18. Even so, Williams should be aware that:
An inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
Miss.Code Ann. § 47-5-76(1) (Supp.2007). As of this opinion, Williams now has two cases resolved as contemplated by section 47-5-76(1).
¶ 19. Additionally, the Mississippi Supreme Court has rendered monetary sanctions against pro se litigants proceeding in forma pauperis. In Ivy v. State, 688 So.2d 223, 224 (Miss.1997), a pro se inmate filed petitions for a writ of mandamus in the wrong court. The supreme court found that the inmate had filed an objectively frivolous filing and that he had filed similarly frivolous petitions in the past. Id. As a result, the supreme court dismissed the inmate’s petitions, sanctioned him $250, and prohibited him from filing any further petitions in forma pauperis until he either paid the $250 sanction or received the supreme court’s permission. Id. And in Reed v. State, 70 So.3d 1174, 1175-76 (¶3) (Miss.Ct.App.2011) this Court affirmed a circuit court’s decision to assess $1,000 in sanctions against a petitioner who filed a frivolous PCR motion. If Williams persists in filing facially frivolous post-conviction pleadings, as an appropriate sanction, a circuit court judge may well be justified in denying Williams’s request for in forma pauperis status. We caution Williams to take note of the possibility of incurring such future sanctions.
¶ 20. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.