CARLTON, J.,
for the Court:
¶ 1. Louis Clay appeals from the Wilkinson County Circuit Court’s order denying his motion for post-conviction relief (PCR). Clay raises the following assignments of error: (1) whether he qualifies as an habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007) and Rule 11.03(1) of the Uniform Rules of Circuit and County Court; (2) whether the circuit court erred when it sentenced him to twenty years as a habitual offender; and (3) whether the circuit court erred when it failed to consider newly presented *989 evidence. After reviewing the record, we dismiss this appeal due to Clay’s failure to comply with jurisdictional requirements.
FACTS
¶2. In November 1996, a grand jury before the Wilkinson County Circuit Court indicted Clay for aggravated assault under Mississippi Code Annotated section 97-3-7 (Supp.2012) and for illegal possession of a firearm under Mississippi Code Annotated section 97-37-1 (Supp.2012). Clay was found guilty of the aggravated-assault charge, and the circuit court sentenced Clay as a habitual offender to twenty years in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole.
¶ 3. On April 30, 2002, on direct appeal, the Mississippi Court of Appeals affirmed Clay’s judgment of conviction of aggravated assault and sentence as a habitual offender of twenty years in the custody of the MDOC. The Mississippi Supreme Court denied certiorari on October 31, 2002.
¶ 4. On June 20, 2011, Clay filed his most recent PCR motion, asking the circuit court to find that, when he received his sentence in 1997, he did not meet the criteria of a habitual offender under section 99-19-81. Clay then asked the court to find that, since he did not meet the criteria to be sentenced as a habitual offender, he should now be resentenced as a non-habitual offender. The circuit court entered an order denying Clay relief. Specifically, the circuit court’s order provides in part:
This cause comes before the court upon Mr. Clay’s “Motion to Show Cause/Motion to Correct Judgment or Sentence.” The defendant was previously found guilty of aggravated assault following a jury trial, found to be a habitual offender following a hearing, and sentenced to serve a term of twenty years in the Mississippi Department of Corrections without benefit of reduction. The conviction and sentence were affirmed on direct appeal[.]
The defendant has filed numerous motions, all of which have been found to be without merit[.] ... The latest filing is directed solely at his habitual[-]offender status, which has been ruled on previously. The court finds that this issue has previously been ruled on[,] and no new information or authority is presented. Notwithstanding that finding, the court has carefully reviewed the latest filing and finds that the defendant is clearly entitled to no relief.
¶ 5. Clay now appeals the denial of his PCR motion.
STANDARD OF REVIEW
¶ 6. “The standard of review in cases involving the denial of a PCR motion is well settled: When reviewing a [trial] court’s decision to deny a [motion] for post-conviction relief, an appellate court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.’ ” Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App.2010). However, we utilize a de novo standard of review when questions of law are raised. Id.
¶ 7. “Jurisdictional matters are [questions] of law; thus, the standard of review is de novo.” Havard v. State, 83 So.3d 452, 453 (¶ 4) (Miss.Ct.App.2012).[1]
DISCUSSION
I. LEAVE TO PROCEED IN THE CIRCUIT COURT
¶ 8. While not raised by the parties or the circuit court, the record is devoid of *990 an order granting Clay leave to file his most recent PCR motion in the circuit court. Mississippi Code Annotated section 99-39-7 (Supp.2012) provides in part:
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court.
As previously mentioned, this Court ruled on Clay’s direct appeal in 2002. Clay v. State, 829 So.2d 676, 678 (¶ 2) (Miss.Ct.App.2002). We have held:
As to post-conviction-relief motions brought after an unsuccessful direct appeal of a criminal conviction, the failure of the movant to obtain the prior permission of the supreme court to file the motion as set out in section 99-39-27 (leave to proceed in the trial court) deprives the circuit court — and, necessarily, this Court — of authority to reach the merits of the motion.
Williams v. State, 98 So.3d 484, 487 (¶ 8) (Miss.Ct.App.2012). In this case, the Court affirmed the conviction at issue on direct appeal, and the supreme court thereafter denied certiorari review. Because Clay failed to obtain permission from the supreme court before filing his present PCR motion, the circuit court lacked jurisdiction to consider the motion, and this Court likewise lacks jurisdiction.
II. SUCCESSIVE-WRIT BAR
¶ 9. Clay’s PCR motion raises another issue in that the motion constitutes a successive writ frivolously filed. An order denying a PCR motion is considered a final judgment and is a bar to successive motions. Miss.Code Ann. § 99-39-23(6) (Supp.2012). “Essentially, an appellant is granted one bite at the apple when requesting post-conviction relief.” Williams, 98 So.3d at 487 (¶ 10). We recognize, however, that exceptions to this rule exist. Id. Under section 99-39-23(6), “a prisoner may file a successive writ if the argument presented within that writ falls under one of the exceptions, has not been previously argued, and has not resulted in a circuit court’s decision rendered on the merits.” Williams, 98 So.3d at 487 (¶ 10). The Mississippi Supreme Court has previously warned Clay of continued PCR filings that fail to satisfy an exception to the successive-writ bar. We are mindful that Clay bears the burden of proving that he satisfies at least one of the exceptions to the successive-writ bar. Id. Furthermore, Clay must prove that even if he satisfies an exception, the circuit court has not previously entered a decision on the merits of those claims. Id.
¶ 10. Clay’s present PCR motion constitutes a successive writ because he has filed numerous PCR motions. He has also alleged in a prior PCR motion the same issues asserted in this appeal. Further, any additional arguments raised by Clay in the present appeal could have been raised at trial or previously on appeal. See Miss.Code Ann. § 99-39-21(1) (Rev. 2007).
¶ 11. The frivolous nature of this successive writ requires acknowledgment. In November 2010, the supreme court entered an order dismissing Clay’s application for post-conviction collateral relief, finding it to be procedurally barred. Significantly, the supreme court warned Clay that “future filings in this matter which fail to meet the exceptions to the successive[-]writ bar may be deemed frivolous and may result in the imposition of appropriate sanctions.” Undeterred by the *991 supreme court’s warning as to frivolous filings, Clay filed his most recent PCR motion. As set forth above, Clay’s PCR motion is barred for his failure to obtain permission from the supreme court for leave to proceed in the circuit court, and we find that the present PCR motion constitutes a frivolous filing and a successive writ. Clay has failed to present any evidence to move his PCR motion beyond this procedural bar despite the warning he received from the supreme court.
¶ 12. A three-part test exists to determine whether this Court should dismiss as frivolous a case filed in forma pauperis: “(1) whether it has a realistic chance of success; (2) whether it presents an arguably sound basis in fact and law; and (3) whether the proponent can prove any set of facts that would warrant relief.” Williams, 98 So.3d at 488 (¶ 16). Clay’s motion did not have a realistic chance of success. We find Clay’s PCR motion barred as a successive writ and lacking a jurisdictional basis because he failed to seek the requisite permission to file it. “When an inmate in the custody of the MDOC files a lawsuit that is subsequently dismissed as frivolous ... or for failure to state a claim upon which relief may be granted, that inmate-faces the possibility of incurring sanctions.” Id. (citation omitted). “One potential form of sanctions involves forfeiting sixty days of an inmate’s accrued earned time toward his release.” Id. The circuit court or a state appellate court may assess this sanction. Id.
¶ 13. “[Mississippi Code Annotated] [s]ections 47-5-138(3)(a) and (b) (Supp.2012) are fully applicable against pro se litigants who seek post-conviction relief.” Williams, 98 So.3d at 489 (¶ 17). Despite Clay’s obvious candidacy for such sanctions, an order of this manner would have no real effect since the circuit court sentenced Clay as a habitual offender under section 99-19-81. Because Clay is a section 99-19-81 habitual offender, his sentence cannot be “reduced or suspended[,] nor shall [he] be eligible for parole or probation.” Miss.Code Ann. § 99-19-81. “Any inmate sentenced as a habitual offender is not ... eligible for earned-time allowance.” Williams, 98 So.3d at 489 (¶ 17). See Miss.Code Ann. § 47-5-139(1)(b) (Rev.2011). Therefore, Clay possesses no earned time to forfeit.
¶ 14. Regardless, Clay should be on notice that:
An inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
Miss.Code Ann. § 47-5-76(1) (Rev.2011).
¶ 15. Additionally, the Mississippi Supreme Court has ordered monetary sanctions against pro se litigants proceeding in forma pauperis. In Ivy v. State, 688 So.2d 223, 224 (Miss.1997), a pro se inmate filed petitions for a writ of mandamus in the wrong court. The supreme court ultimately determined that the inmate had filed an objectively frivolous filing and that the inmate had filed similarly frivolous petitions in the past. Id. The supreme court dismissed the petitions filed by the inmate, sanctioned him $250, and prohibited him from filing any further petitions in forma pauperis until he either paid the $250 sanction or received permission from the supreme court. Id.; see also Reed v. State, 70 So.3d 1174, 1175-76 (¶ 3) (Miss.Ct.App.2011) (affirming the decision of a circuit court to assess $1,000 in sanctions against *992 a petitioner who filed a frivolous PCR motion).
¶ 16. If Clay persists in filing facially frivolous post-conviction pleadings, as an appropriate sanction, the circuit court may well be justified in denying his request for in forma pauperis status. We urge Clay to take caution and note the possibility of incurring such future sanctions.
CONCLUSION
¶ 17. Because Clay failed to comply with the jurisdictional requirements of section 99-39-7, the circuit court was without jurisdiction to rule on, Cía/s PCR motion.[2] Therefore, we lack jurisdiction and must dismiss this appeal.
¶ 18. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. See also Winborn v. State, 213 Miss. 322, 323, 56 So.2d 885, 885 (1952).

. Winborn, 213 Miss. at 323, 56 So.2d at 885.