# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01702-COA

**WILLIE LEE WILLIAMS A/K/A BLACK BILL**          **APPELLANT**
**A/K/A WILLIE WILLIAMS**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/26/2016 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIE LEE WILLIAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 04/03/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1. Willie Lee Williams appeals his unsuccessful motion to vacate his sentence which the Marion County Circuit Court denied on the basis that it was barred as a subsequent motion for postconviction relief (PCR). Because Williams's PCR motion was frivolous, time-barred, and successive-writ barred, we affirm the trial court's judgment. Additionally, this is Williams's eighth PCR motion and, as of this opinion, his fourth case resolved as contemplated by Mississippi Code Annotated section 47-5-76(1) (Rev. 2015). We take judicial notice that past sanctions of $100 and $200, even with his averred indigent status, have done little to deter Williams's abuse of judicial time and resources. As a result, we

sanction Williams in the amount of $1,000 and prohibit him from filing further PCR motions in forma pauperis pursuant to the mandates of section 47-5-76(1).

## FACTS

¶2. The facts and procedural history preceding this PCR motion were succinctly set forth by the Mississippi Supreme Court in *Williams v. State*, 794 So. 2d 181 (Miss. Ct. App. 2001) (overruled on other grounds, by *Brown v. State*, 995 So. 2d 698, 703 (¶20) (Miss. 2008)) and by this Court in *Williams v. State*, 98 So. 3d 484 (Miss. Ct. App. 2012). In summary, after indictment and a jury trial in 1999 and a later resentencing upon remand, Williams remains in the custody of the Mississippi Department of Corrections serving a sixty-year sentence for the sale or transfer of a controlled substance with enhanced sentencing as a habitual offender. In 2012, Williams's second PCR was found to be frivolous and resolved as contemplated by section 47-5-76(1). *Williams*, 98 So. 3d at 489 (¶18). Since then, the Mississippi Supreme Court has entered two separate orders sanctioning Williams for frivolous filings. *Williams v. State*, 2013-M-00563. This appeal stems from his eighth PCR motion. Williams recasts another version of his prior claims that he has been unconstitutionally convicted and sentenced as a habitual offender. He claims that *Armstead v. State*, 196 So. 3d 913 (Miss. 2016), is an intervening decision that affects his outcome and overrules a holding in his case. He also claims his presence at resentencing was required and requests eligibility for parole.

## STANDARD OF REVIEW

¶3. A trial court's denial of a PCR motion will not be reversed unless it is found to be clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). The trial

court's legal conclusions, however, are reviewed under a de novo standard of review. *Id*.

## DISCUSSION

### I. Failure to Seek Leave to Proceed

¶4.     Initially we note the record contains no order from the Supreme Court granting Williams leave to file his current PCR motion with the circuit court. Mississippi case law establishes that fact alone deprived the circuit court of jurisdiction to reach the merits of Williams's PCR Motion. *See Williams v. State*, 98 So. 3d at 487 (¶8). The circuit court, therefore, should have dismissed Williams's PCR motion for lack of jurisdiction.

### II. Successive-Writ Bar

¶5.     On direct appeal and in multiple PCR motions, Williams has repeatedly asserted that his sentencing as a habitual offender raises fundamental-rights concerns. Each time, his claims have been dismissed or denied. *See Williams*, 98 So. 3d at 487-88 (¶¶11-15). In his most recent PCR motion, he attempts to trigger an exception to the successive-writ bar by claiming his sentencing upon remand under Mississippi Code Annotated section 99-19-81 (Rev. 2015) and Mississippi Code Annotated section 41-29-147 (Rev. 2013): (1) allowed "stacking" of penalty enhancements that constituted double jeopardy; and (2) combined penalty-enhancing statutes which violated the ban on cruel and unusual punishment. But "the mere assertion of a constitutional right violation" does not trigger an exception to this procedural bar. *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id*.

3

¶6. Williams "bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Salter v. State*, 184 So. 3d 944, 948 (¶14) (Miss. Ct. App. 2015) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013)). Here, Williams simply rewords arguments made in his prior PCR motions, adds language asserting constitutional-rights violations, and argues that he has been subjected to an illegal sentence. The burden is upon Williams to prove that even if he satisfies an exception to the successive-writ bar, "the circuit court has not previously entered a decision on the merits of those claims." *Clay v. State*, 168 So. 3d 987, 990 (¶9) (Miss. Ct. App. 2013) (citing *Williams*, 110 So. 3d at 487 (¶10)). The record and Williams's briefs are devoid of any such proof. Finding Williams's claims to be simply duplicative of prior motions, we find they are successive-writ barred.

### III. Time-Bar

¶7. Williams filed his current PCR motion more than three years after the time the supreme court ruled on his direct appeal. Thus, his motion is time-barred. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Attempting to except this most recent PCR motion from the time-bar, Williams claims that *Armstead* is an intervening decision that would change the outcome of his underlying criminal case. "An intervening decision is one that 'creates new intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction.'" *Dever v. State*, 210 So. 3d 977, 980 (¶6) (Miss. Ct. App. 2017) (quoting *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992)).

¶8. However, *Armstead* does nothing to affect Williams's conviction or sentence. Instead,

it supports the admissibility and relevance of the testimony and evidence elicited at his trial. Williams seems to interpret *Armstead* to mean that because one officer involved in the chain of custody of the crack cocaine he sold did not testify at trial, he was denied the right to cross-examination that witness and his rights under the Confrontation Clause of the United States and Mississippi Constitution were violated. However, in *Armstead*, as in Williams's case, the forensic scientist or analyst who conducted the tests on the drug sold testified at trial and was available for cross-examination. *Armstead*, 196 So. 3d at 918 (¶15). *Armstead* is simply not an intervening decision, and it would not change the outcome of Williams's conviction or sentence. Thus, Williams fails to assert a claim that qualifies as an exception to the three-year time-bar.

### IV. Constitutional-Rights Violation

¶9. Williams claims that his absence from his resentencing hearing violates his fundamental right to be free from an illegal sentence. Yet, he has failed to demonstrate any logical relation between the acts or omissions of the court and encroachment upon any of his fundamental constitutional rights. Further, he fails to set forth any applicable supporting legal authority. It is well established that we are "not required to address any issue that is not supported by reasons and authority," and we decline to do so here. *Varvaris v. Perreault*, 813 So. 2d 750, 753 (¶6) (Miss. Ct. App. 2001) (citing *Hoops v. State*, 681 So. 2d 521, 535 (Miss. 1996)).

### V. Parole Eligibility

¶10. Williams notes that in September 30, 2016, he petitioned for the circuit judge's parole

5

recommendation but that the circuit judge has not responded. That petition is entirely separate from the unsuccessful PCR motion that led to this appeal. Therefore, the issue of the grant or denial of his parole request is not properly before this Court. So, while we are under no obligation to address this issue, we note that in his continuing attempt to circumvent the time and procedural bars applicable to his PCR motion, Williams invokes the equal-protection clause of the constitution, arguing that the trial court's inaction on his request for parole implicated a fundamental constitutional right. Even if the circuit judge denied his parole request, that would not have been an appealable judgment. *See Morgan v. Strebe*, 193 So. 3d 703, 705 (¶4) (Miss. Ct. App. 2016). Additionally, Mississippi statutes regarding parole contain no mandatory language creating a presumption of entitlement. Thus, Williams has no absolute entitlement and no protected constitutional right to parole or the parole hearing he seeks. *Edmond v. Hancock*, 830 So. 2d 658, 660 (¶5) (Miss. Ct. App. 2002).

**VI.    Sanctions**

¶11.    Williams's current motion was filed without permission from the supreme court. It is one of many filings made by Williams in the courts of this state and is procedurally barred as successive-writ and time-barred. Williams filed the motion despite numerous warnings and sanctions from the supreme court. As detailed before, Williams's 2012 PCR motion was found to be frivolous; he has since been twice sanctioned for frivolous filings; and his present filing is his eighth PCR motion, which we find to be frivolous. Section 47-5-76(1) prohibits repeated filings of objectively frivolous PCR motions.

¶12.    This Court and the trial courts are vested with authority to and have imposed monetary

sanctions on pro se litigants for frivolous filings. *Reed v. State*, 70 So. 3d 1174, 1175-76 (¶3) (Miss. Ct. App. 2011); *Walker v. State*, 35 So. 3d 555, 560 (¶21) (Miss. Ct. App. 2010); *Ivy v. State*, 688 So. 2d 223, 224 (1997). Finding this repetitive frivolous filing to be a waste of court personnel, materials, and time, we order sanctions against Williams in the amount of $1,000, to be paid along with any past sanctions prior to any future filings, and we prohibit Williams from filing further petitions in forma pauperis pursuant to the mandates of section 47-5-76(1).

## CONCLUSION

¶13. We therefore affirm the trial court's judgment and sanction Williams, as discussed above.

¶14. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**