# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00283-COA

**CURTIS DAVIS, JR. A/K/A CURTIS DAVIS**                   APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2020 |
| TRIAL JUDGE: | HON. GEORGE M. MITCHELL JR. |
| COURT FROM WHICH APPEALED: | MONTGOMERY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CURTIS DAVIS JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/22/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Curtis Davis, Jr. appeals the Montgomery County Circuit Court's denial of his motion for post-conviction collateral relief (PCR). On appeal, Davis argues the circuit court erred in finding his claim of ineffective assistance of counsel procedurally barred. Finding no error, we affirm.

## FACTUAL HISTORY

¶2.     On March 9, 2010, Davis was indicted for capital murder and possession of a firearm by a felon. Davis subsequently filed two separate motions on August 5, 2010, consisting of a motion to compel DNA test results and a motion to suppress his confession. On August 23,

2010, Davis was offered a staggered plea bargain. It presented Davis with an opportunity to plead guilty to the reduced charge of manslaughter and possession of a firearm by a felon if he accepted the offer prior to the circuit court's hearing on his motion to suppress his confession scheduled for August 31, 2010. Under the terms of the offer, if he accepted the plea deal before the August 31, 2010 hearing, the State would recommend a thirty-year sentence; but if he did not accept the plea deal before the hearing, the State would pursue a life sentence without the possibility of parole. The record shows that the DNA results contemplated by Davis's motion to compel became available on August 27, 2010. Four days later, on August 31, 2010, Davis accepted the plea offer and entered guilty pleas to manslaughter and possession of a firearm by a felon.

## PROCEDURAL HISTORY

¶3.     Davis filed his first PCR motion on May 24, 2011, and requested that his manslaughter conviction and sentence be vacated based on newly discovered DNA evidence from crime lab reports that were not known to him at the time of his plea hearing. The circuit court determined that Davis's claims were without merit and denied his PCR motion. Davis did not appeal the circuit court's order.

¶4.     Then, on October 10, 2012, Davis filed a pro se petition that the circuit court addressed as a PCR motion. As in his first PCR motion, Davis again requested relief on the grounds that the DNA test results were newly discovered evidence. He further alleged that he received ineffective assistance of counsel because his counsel failed to advise him that he

could wait to plead guilty until he received the DNA test results. The circuit court denied his motion upon finding it successive-writ barred. Davis subsequently filed a motion to reconsider, which the circuit court denied.

¶5. Davis then appealed the circuit court's order and raised various arguments, including that the circuit court erred in finding his PCR motion successive-writ barred, and that he received ineffective assistance of counsel based on a failure to advise him of his right to wait on DNA results before pleading guilty. This Court found that "[i]t is undisputed that Davis's second PCR was a successive writ." *Davis v. State*, 174 So. 3d 299, 303 (¶9) (Miss. Ct. App. 2015). Nonetheless, we proceeded to consider whether Davis's claims regarding DNA test results met a fundamental-rights exception to the procedural bar. *Id*. This Court concluded that "Davis has not shown ineffectiveness on behalf of his counsel and has not overcome the procedural bar." *Id*. at 305 (¶20).

¶6. Davis filed his third PCR motion on March 15, 2019, and argued (1) his rights were violated when he received an allegedly unlawful sentence of fifty years; (2) he did not freely, voluntarily, and intelligently plead guilty to manslaughter because his counsel had misinformed him regarding the sentence he would receive; and (3) he received ineffective assistance of counsel as a result of his counsel's failure to provide adequate information as to the elements required for a charge of capital murder and any possible defenses before he pled guilty. The circuit court concluded that Davis's sentence was not unlawful and that his PCR motion was a successive writ that contained issues previously addressed by this Court.

Thus, the circuit court summarily denied Davis's third PCR motion. Aggrieved, Davis appeals; but the only issue he raises on appeal is whether his claim of ineffective assistance of counsel is procedurally barred.

## STANDARD OF REVIEW

¶7.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Hays v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019).

## ANALYSIS

¶8.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion must be filed "in [the] case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Davis entered guilty pleas on August 31, 2010, but his third PCR motion at issue here was not filed until March 5, 2019. Davis filed his PCR motion more than eight years after the entry of his guilty pleas; thus, his motion is time barred.

¶9.     Additionally, the UPCCRA states, "any order dismissing the petitioner's motion or otherwise denying relief . . . shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Davis's 2019 PCR motion is essentially a rewording of his previous claims. In Davis's motion submitted to the circuit court, he characterizes the issue as a claim of ineffective assistance of counsel due to counsel's failure

4

to provide adequate information prior to his entering a plea of guilty. Davis supports this claim by arguing that his counsel failed to inform him of the elements of the crime and possible defenses. He further alleges that his counsel told him to take whatever plea bargain they offered him because if he went to trial he was sure to get a lot of time.

¶10.    On appeal, Davis presents an entirely different characterization of the issue. On appeal, Davis reveals that the underlying basis of his 2019 PCR motion is a claim of ineffective assistance of counsel on the grounds that his counsel advised him to plead guilty before reviewing the crime lab reports with DNA test results. Davis specifically states, "The information that counsel did not give [him] prior to pleading guilty was the information from the awaited crime lab report that [he] was not incriminated."

¶11.    This Court previously addressed this exact issue during the appeal of Davis's 2012 PCR motion. *See Davis*, 174 So. 3d at 305 (¶16). In that case, "Davis argue[d] his counsel was ineffective by failing to advise him that he could wait for the DNA test results before pleading guilty." *Id*. This Court considered the merits of Davis's argument at that time and held that "Davis's unsupported claims are insufficient to prove his counsel was ineffective." *Id*. at (¶19).

¶12.    "[A]n appellant is granted one bite at the apple when requesting post-conviction relief." *Clay v. State*, 168 So. 3d 987, 990 (¶9) (Miss. Ct. App. 2013). Because Davis's 2019 PCR motion is a successive motion and is based on grounds for relief that this Court previously denied, Davis's motion is successive-writ barred and precluded by the doctrine

of res judicata.

## CONCLUSION

¶13.     Davis's ineffective-assistance-of-counsel claim was time-barred, successive-writ barred, and precluded by res judicata. We therefore affirm the circuit court's denial of Davis's PCR motion.

¶14.     **AFFIRMED.**

    **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**