'AARON H EVANS *v.* STATE OF MISSISSIPPI.

[45 South., 706.]

1. CRIMINAL LAW AND PROCEDURE. *Shooting on highway. Defects in affidavit. Failure to object in trial court.* Code 1906, § 4936.

In a prosecution for shooting on a public highway, objections that the affidavit did not show what highway nor charge that the shooting was unlawful, will not be considered where made in the supreme court for the first time. Code 1906, § 4936.

SAME. *Justice of the peace. Prejudice of. Constitution* 1890, *sec.* 171. *Code* 1906, § 2724.

Under constitution 1890, sec. 171, providing that a justice of the peace shall not preside at the trial of a case in which he is interested or in which either of the parties is related to him, and Code 1906, § 2724, providing for the transfer of a cause whenever, by reason of interest, relationship, or like cause, a justice of the peace is disqualified, mere bias and prejudice on the part of a justice of the peace before whom defendant was convicted do not disqualify, neither interest in the case nor relationship to the parties being shown.

FROM the circuit court of, second district, Coahoma county. HON. SAMUEL C. COOK, Judge.

Evans, appellant, was convicted before a justice of the peace

Statement of the case.

on a charge of shooting in a public highway, appealed to the circuit court, and from the judgment of that court dismissing his appeal and awarding a writ of *procedendo* appealed to the supreme court.

Code 1906, § 1226, provides that "If any person shall be guilty of racing or shooting in any street or public highway, he shall, on conviction thereof, be fined not more than five hundred dollars." The affidavit against appellant, after the formal parts, alleged that appellant did on a certain date "in said county, and district number four, shoot on a public highway, against the peace and dignity of the state of Mississippi," and was made before Wildberger, a justice of the peace in and for said district and county. Appellant, before his trial, made an affidavit in the cause averring that, because of the bias and prejudice of the justice of the peace against him, he would not be able to have a fair trial unless the cause be transferred to some other justice of the peace of the county; and concluded with a motion that the cause be transferred. The record disclosed no action on this affidavit and motion, and appellant was found guilty and fined by the justice of the peace.

In the circuit court appellant moved to dismiss the cause or to transfer the same to the court of a certain other justice of the peace named in the motion, for the alleged reason that the justice of the peace below, Wildberger, was biased and prejudiced against appellant because of the relationship of Wildberger and appellant in another cause pending for trial in another court and because of his prejudicial statements made openly before the trial of appellant in the justice court. The state admitted the facts alleged in the motion, but denied their legal sufficiency. The circuit court overruled the motion. Thereupon the appellant declined to prosecute his appeal further and the appeal was dismissed.

In the supreme court appellant assigned as error that the affidavit failed to charge any offense under the statute, since there is no allegation in it that the shooting was "unlawful."

*W. A. Alcorn, Jr.,* for appellant.

The affidavit in this case charges no criminal offense. It merely charges that the appellant "did shoot on a public highway." It does not allege what highway, nor that the shooting was unlawful. A person has the right, under certain circumstances, to shoot on the public highway. He may shoot to protect his life or the life of another person; or in the discharge of his duty, if he be an officer of the law. Or he may shoot accidentally, and in such case his shooting would be no crime.

Before appellant entered a plea of not guilty before Wildberger, the justice of the peace, he filed an affidavit that Wildberger was incompetent to try him because of his prejudice against appellant. Wildberger should, accordingly, have transferred the case to some other justice of the peace, there being two justices in the district qualified to try appellant. Code 1906, § 2724; State Constitution, sec. 171; *Holley* v. *State,* 74 Miss., 878, 2 South., 923. And, as Wildberger had no jurisdiction over appellant, the circuit court had none. *Dufour* v. *Chapotel,* 75 Miss., 656, 23 South., 387.

*George Butler,* assistant attorney-general, for appellee.

At common law, relationship to, or bias and prejudice against, the defendant, are not legal disqualifications in a justice of the peace. 18 Am. & Eng. Encyc. Law (2d ed.), 40.

Our state constitution, sec. 171, provides that a justice of the peace shall not preside at the trial of any cause where he may be interested or connected with either of the litigants by affinity or consanguinity, save by consent of parties. See also Code 1906, § 2724. Therefore, bias and prejudice for cause other than relationship and personal interest will not disqualify. The interest to disqualify a judge must be such as would have disqualified a witness, at common law. "It must be a pecuniary or property interest, or one affecting his individual rights; and the liability or pecuniary gain or the relief to the

judge must occur upon the event of the suit, not result remotely in the future." *Lemon* v. *Peyton,* 64 Miss., 164, 8 South., 235. See also *Ferguson* v. *Brown,* 75 Miss., 214, 21 South., 603.

In the absence of express statutory provision, prejudice or bias on the part of the judge is not assignable as a ground of disqualification. 23 Cyc., 582; *Grimstead* v. *Buckley,* 32 Miss., 148; *Thomas* v. *State,* 4 How. (Miss.), 20.

Hence, if we concede that the justice of the peace was biased, still his judgment was not void, and could not be attacked collaterally; and if it were erroneous or irregular, could be corrected by proper judgment on appeal to the circuit court. Appellant did not see fit to call for a jury in the justice's court. The circuit court, on appeal, had no power to award a transfer, and the case on appeal stood for trial *de novo.*

The only remaining question is, whether the appeal was properly dismissed and *procedendo* properly awarded. This is settled beyond all doubt. *Roberts* v. *Port Gibson,* 89 Miss., 75, 42 South., 540; *While* v. *State,* 89 Miss., 674, 42 South., 164; *Ex parte Caldwell,* 62 Miss., 774; *Kirk* v. *State,* 69 Miss., 214, 10 South., 577.

CALHOON, J., delivered the opinion of the court.

This is an appeal from a conviction in the circuit court, on an appeal from the court of a justice of the peace on an affidavit which charges that the accused "did shoot on a public highway." There was no demurrer to the affidavit, which could have been readily amended; and so we do not consider the objections made in this court that it does not show what highway, nor that it was unlawfully done. This should have been brought to the attention of the court below. The statute itself seems to denounce the penalty against those who "shoot on a public highway," and any justification should be set up in defense or taken advantage of by demurrer.

Under section 171 of our state Constitution and Code 1906,

§ 2724, bias or prejudice on the part of the justice of the peace does not disqualify him from presiding. Only kinship or pecuniary interest in the result disqualifies. 23 Cyc., 582; 17 Ency., 738.

*Affirmed.*