Winborn v. State.

Feb. 11, 1952.

No. 38248 (56 So. (2d) 885)

Ben Stevens, Jesse M. Byrd and L. Barrett Jones, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

### Holmes, J.

An affidavit was filed in the Justice of the Peace Court of C. G. Jones, a Justice of the Peace of District Number Two of Greene County, charging the appellant with the unlawful sale of intoxicating liquor in said District Number Two of said county. He was later tried and convicted by a jury in the Justice of the Peace Court of John Brownlee, a Justice of the Peace of District Number Three of said county. On appeal to the Circuit Court, he was again tried and convicted, and from this latter conviction, he prosecutes this appeal.

We are confronted in the outset with the question of our jurisdiction of this appeal, and ▇▇ ▇ while the question is not raised by either party, it becomes our duty to raise it of our own motion. Drummond v. State, 184 Miss. 738, 185 So. 207; Kennington-Saenger Theatres v. State ex rel. District Attorney, 196 Miss. 841, 18 So. (2d) 483, 153 A. L. R. 883. The conclusion reached by us on this question will render unnecessary a consideration of appellant's assignment of errors.

The proof is undisputed that the offense for which the appellant was tried and convicted was committed in District Number Two of Greene County, and the affidavit so charged. ▇▇ ▇ Jurisdiction of the offense, under Section 1831 of the Mississippi Code of 1942, was therefore vested in a justice of the peace in said District Number Two unless there was no justice of the peace in said district qualified to try the accused, in which event any justice of the peace of the county would have been vested with jurisdiction. The record wholly fails to show that there was not a justice of the peace in District Number Two other than C. G. Jones qualified to try the accused, or that C. G. Jones himself was not so qualified. ▇▇ ▇ The fact that the latter accompanied the officers on the occasion of appellant's arrest and thereby acquired a knowledge of the evidence against him did not of itself constitute a legal disqualification. Under Section 171 of our State Constitution, only kinship or pecuniary inter-

est in the result disqualifies a justice of the peace to preside on the trial of a cause lawfully before him in the exercise of his jurisdiction. Evans v. State, 92 Miss. 34, 45 So. 706.

 In the absence of any showing in this record that there was not a justice of the peace of said District Number Two qualified to try the accused, we are of the opinion that John Brownlee, Justice of the Peace of District Number Three, before whom appellant was tried, was without jurisdiction and that, therefore, the circuit court acquired no jurisdiction and that this court is likewise without jurisdiction.

 The appeal is accordingly dismissed and the appellant is directed to answer on his appearance bond before Justice of the Peace C. G. Jones.

Appeal dismissed and appellant directed to answer on appearance bond.

**McGehee, C. J.**, and **Alexander, Ethridge**, and **Arrington, JJ.**, concur.