# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00132-SCT

*CHARLES PRUITT AND CATHERINE ELIZABETH
PRUITT*

*v.*

*HANCOCK MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/2004 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JENNIFER P. BURKES |
| ATTORNEY FOR APPELLEE: | PATRICK W. KIRBY |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 11/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., DIAZ AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     The complaint of Charles and Catherine Elizabeth Pruitt ("Pruitts") alleges that on April 9, 2002, Charles suffered third-degree burns during knee surgery at Hancock Medical Center ("HMC"). However, their Notice of Claim letter alleges the injury occurred on April 11, 2002, and the nature of the injury was discovered the following day, April 12, 2002.

¶2.     On August 21, 2002, the Pruitts filed a voluntary petition for Chapter 7 bankruptcy, and the bankruptcy court entered an order giving notice of bankruptcy and instituting an automatic stay against "certain acts and proceedings against the debtor and his property ... as provided in 11 U.S.C. § 362(a)." In "Schedule B - Personal Property," filed on September 9, 2002, the

Pruitts checked "None" for "20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." In short, no reference was made to any alleged cause of action or claim against HMC. However, HMC was listed under "Schedule F - Creditors Holding Unsecured Nonpriority Claims" for "hospital services" totaling $7,456.18. The appointed trustee of the Pruitts' bankruptcy estate was C. Thomas Anderson.

¶3. On December 19, 2002, the bankruptcy court granted the Pruitts a discharge of debt under 11 U.S.C. § 727, approved the trustee's report of no distribution, discharged C. Thomas Anderson from his trust, and closed the bankruptcy estate.

¶4. Thirty-three (33) days later, the Pruitts sent a "Notice of Claim" letter to HMC. The notice was authored by the same attorney who represented the Pruitts in the bankruptcy proceedings.[1] Following denial of their claim, the Pruitts filed a complaint alleging that "[HMC's] breaches of the standard of care were a proximate cause or proximate contributing cause to Charles Pruitt's injuries and damages[,]" along with a separate allegation of loss of consortium. Subsequently, HMC was granted a stay of proceedings due to the insolvency of its insurer.

¶5. Ultimately, HMC filed its answer which included an affirmative defense that "the Plaintiffs herein are the improper parties and have no standing to bring this action[,]" and filed a motion for summary judgment. HMC specifically alleged that:

> 3. [The Pruitts] declared, under penalty of perjury, in their bankruptcy petition, that they had no contingent or unliquidated claim of any nature.

---

[1]Present counsel for the Pruitts did not enter her appearance as counsel of record until September 2, 2003.

2

4. Accordingly, [the Pruitts] have judicially admitted that they have suffered no damages in this matter.

5. Because [the Pruitts] cannot prove damages, an essential element of their claim ... HMC is entitled to judgment as a matter of law.

6. [The Pruitts] lack standing to sue because this action became the property of the bankruptcy estate at the time of the bankruptcy filing and can only be prosecuted by the trustee of the bankruptcy estate who is the real party in interest.

The Pruitts filed a "Motion for Additional Time Pursuant to Rule 56(f) to Respond to Motion for Summary Judgment." They argued that:

5. At this time, the Pruitts' attorney for the bankruptcy proceeding ... Olen Anderson, is in the process of filing the necessary paperwork to reopen the Chapter 7 bankruptcy proceeding. The Trustee, Tom Anderson, is aware [that] this proceeding will be reopened. Once this has occurred, the necessary pleadings will be filed in both Bankruptcy Court and in this Court, including the Amended Schedule listing this case as a contingent or unliquidated claim. ...

8. For this reason, [the Pruitts] respectfully request that they be granted additional time pursuant to Rule 56(f) to permit the Bankruptcy Court to rule on the Plaintiffs' amendments to their schedule of unliquidated or contingent claims. At that time, the Plaintiffs will be in a position to respond to the Defendant's Motion for Summary Judgment.

In an affidavit attached to the Pruitts' motion, counsel stated "[i]t is anticipated that the Bankruptcy Court will allow the Pruitts to amend their schedule of unliquidated or contingent claims. At that time, the Defendant's argument will be moot and there will be no basis for summary judgment." In response to the Pruitts' motion, HMC reiterated that "[t]he instant case, having accrued on April 9, 2002, could have been raised by the Plaintiffs as of the August 21, 2002 commencement of their bankruptcy proceeding and, therefore, constitutes property of the bankruptcy estate." On March 1, 2004, HMC filed an "Amended Motion to Dismiss Pursuant to Rule 12(b)(1) and Motion for Summary Judgment." HMC syllogistically contended that:

3

5. If a plaintiff lacks standing, a court is without subject matter jurisdiction.

6. If a court lacks subject matter jurisdiction, it must dismiss the action.

7. While [the Pruitts] lack standing to assert this claim and this Court therefore lacks subject matter jurisdiction, should this Court deny HMC's Motion to Dismiss pursuant to Rule 12(b)(1), HMC is entitled to summary judgment on the grounds that [the Pruitts] cannot prove damages, an essential element of their claim.

¶6. On March 11, 2004, the bankruptcy court entered an order reopening the Pruitts' bankruptcy estate and allowing amendment to "Schedule B - Personal Property." Additionally, the bankruptcy court ordered "that the Office of Trustee shall appoint a Trustee to administer the bankruptcy estate accordingly." On March 16, 2004, the Pruitts filed their amended "Schedule B - Personal Property" listing "Charles Pruitt and Catherine Elizabeth Pruitt vs. Hancock Medical Center and John Doe Defendants, A-D; Hancock County Circuit Court, Civil Action No. 03-0289 ... ." Furthermore, the affidavit of the Pruitts' former counsel stated "[a]t this time, a Trustee has not been appointed. Once a Trustee is appointed, I will ask him to seek to Amend the Complaint to name himself as the Plaintiff."[2]

¶7. On March 18, 2004, the Pruitts filed their response to the motion for summary judgment. They argued:

2. At the time [the Pruitts] filed this Complaint, their bankruptcy had been discharged. [The Pruitts] were therefore the proper parties to file this claim to ensure that all statute of limitations were met. ...

5. 'Schedule B - Personal Property' as it exists in the re-opened Bankruptcy case, clearly lists [the Pruitts] claim against [HMC] as a contingent and unliquidated claim.

---

[2]This is a major point of contention between the parties. HMC insists that C. Thomas Anderson was reappointed as trustee of the bankruptcy estate on March 16, 2004, but has failed to make any appearance in this matter. At the March 19, 2004, motion hearing before the circuit court, however, counsel for the Pruitts stated, "I've already talked to Tom Anderson. He was the trustee before. He doesn't know for sure that he's going to be appointed, but he's already told me that if he is appointed, he will come in and seek to be the real party in interest."

6. For this reason, [HMC's] Motion for Summary Judgment is moot and without merit.

In their response to the motion to dismiss, the Pruitts contended:

[HMC's] objection to [the Pruitts'] standing, or lack of being 'real party in interest' was first filed on February 27, 2004. At this time, a Trustee has not even *been appointed* in Bankruptcy Court. This Court should, therefore, deny the Defendant's Motion to Dismiss to allow time for a Trustee to actually be appointed, and time for the Trustee to petition this Court. *See **Wieburg v. GTE Southwest Inc.**, 272 F.2d 302 (5th Cir. 2001) ... .*

In reply, HMC argued that "Rule 17(a) does not contemplate allowing a party that completely lacks standing to stand in the place of a proper party until the proper party can be found. Such an interpretation of Rule 17(a) would render the doctrine of standing meaningless. ... [the Pruitts] never reacquired standing to pursue this action."

¶8. At the March 19, 2004 motion hearing, both parties agreed that "if this motion were granted to dismiss ... the bankruptcy trustee on an amended petition of this contingent asset would be ... time barred, from prosecuting this claim." Four months later, the trustee had not made an appearance, and on July 19, 2004, the circuit court granted HMC's motion to dismiss and dismissed the action without prejudice.

¶9. The circuit court determined that "[t]his cause of action was a contingent claim at the time of the bankruptcy filing and therefore property of the bankruptcy estate. ... This is true even if the action has not been formally filed." As such, "[w]hen a cause of action is property of the bankruptcy estate, the bankruptcy trustee has 'exclusive standing' to assert the claim. *In re Educators Group Health Trust*, 25 F.3d [... at] 1284 [...] . [The Pruitts] did not have standing to assert this claim." The Pruitts then filed their notice of appeal.

**ISSUES**

¶10.    The parties present the following two issues:

(1) Whether the Pruitts had standing to assert a medical malpractice claim in state court.
(2) Whether the trial court erred in dismissing the case before a Bankruptcy Trustee had been appointed and could petition the Court for appropriate relief.

However, the trial court never ruled on Issue (2), and neither shall this Court, as the ruling on Issue (1) moots any further discussion.

**STANDARD OF REVIEW**

¶11.    "When considering a motion to dismiss, this Court's standard of review is *de novo*." ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1275 (Miss. 2006) (emphasis added).

**ANALYSIS**

**I.      Whether the Pruitts had standing to assert a medical malpractice claim in state court.**

¶12.    The Pruitts insist that "at the time the Complaint was filed ... there was no bankruptcy estate and there was no trustee." As such, they contend that they had standing to assert their claim because "[a]*t the time of the institution of action ...* [the Pruitts] were the *only* parties who had any existent actionable interest in this proceeding."

¶13.    In response, HMC argues that "[t]he instant case, having accrued on April 9, 2002, could have been raised by the Plaintiffs as of the August 21, 2002 commencement of their bankruptcy proceedings and, therefore, constitutes property of the bankruptcy estate. 11 U.S.C. Section 541(a)(1)." Moreover, HMC insists that the cause of action "remains property of the estate to this day." Therefore, HMC asserts that as "[t]he bankruptcy trustee has 'exclusive' standing to bring this action," the Pruitts "cannot have standing even under the most

6

liberal interpretation." HMC concludes that "[d]ue to the Pruitts' lack of standing to bring the present action, this Court does not have subject matter jurisdiction and this action must be dismissed."

¶14. As this case requires the analysis of bankruptcy law and federal statutes, we analyze this issue under federal law. A lack of standing "robs the court of jurisdiction to hear the case." *McNair v. United States Postal Service*, 768 F.2d 730, 737 (5th Cir. 1985). "[T]he filing of a bankruptcy petition creates a bankruptcy estate." *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779 (S.D. Miss. 1992). The bankruptcy estate "is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests of the debtor in property as of the commencement of the case.*" 11 U.S.C. § 541(a)(1) (emphasis added). *See also Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988) ("[The bankruptcy] estate is comprised of all the property listed under section 541, wherever located and by whomever held, including 'all legal or equitable interests of the debtor in property as of the commencement of the case.' ... The scope of the term 'property of the estate' is very broad."). Regarding causes of action, "[c]ourts have uniformly held that the phrase 'legal or equitable interest' encompasses [them]." *Lawrence*, 837 F. Supp. at 779 (citations omitted). *See also In re Educators Group Health Trust*, 25 F.3d 1281, 1283 (5th Cir. 1994); *Louisiana World*, 858 F.2d at 245 ("Section 541(a)(1)'s reference to 'all legal or equitable interests of the debtor in property' includes causes of action belonging to the debtor at the time the case is commenced."). Moreover:

[c]auses of action need not be formally filed prior to the commencement of a bankruptcy estate to become property of the bankruptcy estate. ... Accordingly, a cause of action belonging to a debtor that existed at the time of the filing of a bankruptcy petition becomes property of the bankruptcy estate and may only be prosecuted by the trustee of the bankruptcy estate, the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure.

*Lawrence*, 837 F. Supp. at 779 (citations omitted). *See also Educators Group*, 25 F.3d at 1286 ("[i]t is well-established that the bankruptcy estate succeeds to the causes of action which the debtor *could have brought* as of the commencement of the case, subject to any defenses the debtor may have faced.") (emphasis added).

¶15.    This Court concludes that the Pruitts' cause of action accrued prior to the filing of the Pruitts' voluntary petition for Chapter 7 bankruptcy on August 21, 2002. As this Court finds that the cause of action existed at the time of filing the bankruptcy petition, the cause of action became property of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

¶16.    "If a cause of action belongs to the [bankruptcy] estate, then the trustee has *exclusive standing* to assert the claim." *Educators Group*, 25 F.3d at 1284 (emphasis added). *See also Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the *only* party with standing to prosecute causes of action belonging to the estate."); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) ("'It is well-settled that the right to pursue causes of action formerly belonging to the debtor – a form of property 'under the Bankruptcy Code' – vests in the trustee for the benefit of the estate.' *Jefferson v. Mississippi Gulf Coast YMCA*, 73 Bankr. 179, 181-82 (S.D. Miss. 1986). The debtor has no standing to pursue such causes of action.").

¶17. Such "exclusive standing" exists even when the cause of action was not disclosed on the schedules of assets filed under Chapter 7. In *Parker*, the Eleventh Circuit stated:

> [o]nce an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to *§ 554 of the Bankruptcy Code*. See *11 U.S.C. § 554(a)-(c)*. At the close of the bankruptcy case, property of the estate that is not abandoned under *§ 554* and that is not administered in the bankruptcy proceedings remains the property of the estate. *11 U.S.C. § 554(d)*. Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate.

365 F.3d at 1272. *See also* 11 U.S.C. § 554(d) (property of the bankruptcy estate "that is not abandoned under this section and that is not administered in the case remains property of the estate."); ***Stein v. United Artists Corp.***, 691 F.2d 885, 891 (9th Cir. 1982) ("[c]ourts … generally have not permitted parties asserting title to unlisted causes of action to enforce the claim, because they cannot demonstrate abandonment by the trustee."). The rationale, according to the United States Supreme Court in ***First National Bank of Jacksboro v. Lasater***, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408 (1905), is that:

> [i]t cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee had never taken any action in respect to it. If the claim was of value ... it was something to which the creditors were entitled, and this bankrupt could not, by withholding knowledge of its existence, obtain a release from his debts and still assert title to the property.

*Id*. at 119.

¶18. This Court finds that the cause of action at issue, even though originally unscheduled, remains the property of the bankruptcy estate. *See **Parker***, 365 F.3d at 1272. As property of the bankruptcy estate, controlling federal law mandates that the bankruptcy trustee has "*exclusive standing* to assert the claim." ***Educators Group***, 25 F.3d at 1284 (emphasis

added). Accordingly, the circuit court correctly determined that the Pruitts lack standing to assert the claim.

## CONCLUSION

¶19. Because the Pruitts lacked standing to assert this claim, this Court affirms the circuit court's judgment.

¶20. **AFFIRMED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. DIAZ, J., CONCURS IN RESULT ONLY. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**