# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01378-COA

ABDULLAH QASEM ALSAHQUNI A/K/A MIKE            APPELLANT
A/K/A ABDULLAH ALSAHQUNI A/K/A
ABDULLAH ALSAHQANI A/K/A ABDULLAH
ALSAQUANI

v.

STATE OF MISSISSIPPI                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARK KEVIN HORAN |
| | HARTWELL VIRGINIA HARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Abdullah Qasem Alsahquni received five years of nonadjudicated probation following a guilty plea. Shortly after his charges were dismissed, he filed two separate motions for post-conviction relief (PCR). The trial court dismissed both motions, stating it had no jurisdiction. We agree, finding that "nonadjudication" of guilt resulting in dismissal of charges is not a "conviction" or "sentence" within the purview of the Mississippi Uniform

Post-Conviction Relief Act. Therefore, Alsahquni lacks standing to make any claims under Mississippi Code Annotated section 99-39-5 (Supp. 2014). The judgment of the trial court is affirmed.

**FACTS**

¶2. On October 12, 2006, and November 7, 2006, a confidential informant entered Alsahquni's convenience store and purchased over 250 dosage units of pseudoephedrine; both times, the informant told Alsahquni she intended to manufacture methamphetamine. Consequently, Alsahquni was indicted for two counts of selling pseudoephedrine to unlawfully manufacture a controlled substance. *See* Miss. Code Ann. § 41-29-315(5)(a) (repealed July 1, 2010). He pled guilty to the first charge, and the State retired the second charge. The court withheld Alsahquni's guilty plea and placed him on nonadjudicated probation for five years. He was also assessed a $5,000 fine. On September 14, 2011, the court released Alsahquni from probation and dismissed his charges. Despite the dismissal of the charges, Alsahquni's guilty plea negatively affected his immigration status; he was taken into federal custody for potential deportation.

¶3. Alsahquni filed a PCR motion on October 21, 2011, claiming that his guilty plea was involuntary and that he received ineffective assistance of counsel. Specifically, he claimed his attorney should have advised him of the consequences associated with his guilty plea.[1]

---

[1] Alsahquni claimed that the United States Supreme Court's recent holding in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), required his attorney to inform him of the immigration consequences of a guilty plea. Finding no merit to this claim, the court ruled that *Padilla* did not apply retroactively to Alsahquni's 2008 guilty plea. In 2013, the United States Supreme

2

The court issued a writ of habeas corpus ad prosequendum to the Federal Detention Center in Oakdale, Louisiana, and Department of Homeland Security to transport Alsahquni to the evidentiary hearing set for April 20, 2012. The federal authorities would not cooperate, so Alsahquni and the State agreed to submit memorandums briefing the issues in lieu of a hearing. Additionally, Alsahquni submitted an affidavit stating that his attorney did not inform him that entering a guilty plea would affect his immigration status. Alsahquni's trial attorney also filed an affidavit, recognizing that he had no experience in immigration law and therefore did not inform Alsahquni he would be deported following a guilty plea. He also stated, however, that he referred his immigration clients, including Alsahquni, to consult an immigration attorney on issues of immigration.

¶4. In dismissing Alsahquni's PCR motion, the court stated it lacked jurisdiction since Alsahquni's charges were dismissed in September 2011. Jurisdiction notwithstanding, the court addressed both of Alsahquni's claims and found no merit to either.

¶5. Alsahquni filed a second PCR motion on June 28, 2013, arguing ineffective assistance of counsel. The court summarily dismissed the motion, again finding it lacked jurisdiction and also holding his second PCR motion to be a successive writ. Alsahquni appealed.

## STANDARD OF REVIEW

¶6. When reviewing the dismissal of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v.*

Court also held that *Padilla* does not apply retroactively to cases already final on direct review. *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013).

3

*State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

**DISCUSSION**

¶7. The trial court dismissed Alsahquni's second PCR motion for the same reason it had dismissed his first, finding it had no jurisdiction because Alsahquni's charges were dismissed. As an appellate court, it is our affirmative duty to determine whether we have jurisdiction over the matter before addressing the merits. *Winborn v. State,* 213 Miss. 322, 323, 56 So. 2d 885, 885 (1952). "A lack of standing 'robs the court of jurisdiction to hear the case.'" *Pruitt v. Hancock Med. Ctr.,* 942 So. 2d 797, 801 (¶14) (Miss. 2006) (quoting *McNair v. U.S. Postal Serv.,* 768 F.2d 730, 737 (5th Cir. 1985)). Therefore, absent standing, the appropriate disposition would be to dismiss the case.

¶8. Alsahquni filed his PCR motions after his charges were dismissed. The purpose of the Mississippi Uniform ***Post-Conviction*** Relief Act is to "streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of ***convictions*** and ***sentences***." Miss. Code Ann. § 99-39-3 (Rev. 2007) (emphasis added). Further, Mississippi Code Annotated section 99-39-5 states that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration . . . may file a motion to vacate, set aside or correct the judgment or

4

sentence[.]"

¶9.     Although Alsahquni pled guilty, the court did not accept his guilty plea.  Alsahquni instead received five years of nonadjudicated probation under Mississippi Code Annotated section 99-15-26 (Rev. 2007).  Section 99-15-26 states in relevant part:

> (1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to **withhold acceptance of the plea and sentence** thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section . . . .
>
> (2)(a) Conditions which the circuit, county, justice or municipal court may impose under subsection (1) of this section shall consist of:
>
>> (i) Reasonable restitution to the victim of the crime.
>>
>> (ii) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
>>
>> (iii) Payment of a fine not to exceed the statutory limit.
>>
>> (iv) Successful completion of drug, alcohol, psychological or psychiatric treatment, successful completion of a program designed to bring about the cessation of domestic abuse, or any combination thereof, if the court deems treatment necessary.
>>
>> (v) The circuit or county court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed five (5) years . . . .
>
> . . . .
>
> (4) Upon successful completion of the court-imposed conditions permitted by subsection (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
>
> (5) Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was

5

dismissed or the charges were dropped or there was no disposition of such case.

Miss. Code Ann. § 99-15-26 (emphasis added).

¶10.    Alsahquni was released from his nonadjudicated probation, and his charges were dismissed. He was neither convicted nor sentenced in accordance with Mississippi Code Annotated section 99-39-5. Therefore, Alsahquni lacked standing to file a PCR motion. So this Court need not address the merits of Alsahquni's claim that he received ineffective assistance of counsel. We affirm the trial court's dismissal of Alsahquni's PCR motion.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**