# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00403-COA

ABDULHKIM BOROU A/K/A ABDULHAKIM BOROU  APPELLANT

v.

STATE OF MISSISSIPPI  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/21/2014 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARK KEVIN HORAN |
| | HARTWELL VIRGINIA HARRIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 03/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1. On May 19, 2009, Abdulhkim Borou received a fine and five years of nonadjudicated probation following his offer of a guilty plea. Borou filed a motion for post-conviction relief (PCR), after the court dismissed the charge and expunged Borou's record. The trial court dismissed his motion, stating it had no jurisdiction because Borou was no longer serving his sentence. We find, however, that the court lacked jurisdiction since "nonadjudication" of guilt resulting in dismissal of charges is not a "conviction" or "sentence" within the purview

of the Mississippi Uniform Post-Conviction Relief Act. Therefore, Borou lacks standing to make any claims under Mississippi Code Annotated section 99-39-5 (Supp. 2014). The judgment of the trial court is affirmed.

**FACTS**

¶2. The facts in this case are almost identical to those in *Alsahquni v. State*, 150 So. 3d 159 (Miss. Ct. App. 2014). As a result, *Alsahquni* controls a majority of our analysis. A legal immigrant to the United States, Borou, like Alsahquni, operated an out-of-state business that sold, among other things, pseudoephedrine. Borou was indicted in the Circuit Court of Lowndes County on three charges of sale of pseudoephedrine over the amounts allowed by law, two of which were dismissed. Borou offered to plead guilty to the third charge on May 19, 2009. The trial court withheld acceptance of Borou's offered guilty plea and placed him on nonadjudicated probation for five years pursuant to Mississippi Code Annotated section 99-15-26. He was also assessed a $5,000 fine. On July 27, 2012, Borou was discharged early from his nonadjudicated probation, and the trial court dismissed the charge against him on December 18, 2012. An order of expungement was entered two days later. Despite the dismissal and expungement, Borou's guilty plea negatively affected his immigration status. There is no evidence or assertion that deportation proceedings have been commenced against Borou.

¶3. Borou filed a PCR motion on January 16, 2014, claiming that his guilty plea was involuntary and that he received ineffective assistance of counsel. Specifically, he claimed

2

his attorney should have advised him of the consequences associated with his guilty plea.[1]

¶4. In dismissing Borou's motion, the court stated it lacked jurisdiction since Borou was not a prisoner in custody when he filed his PCR motion. Aggrieved, Borou appeals.

**STANDARD OF REVIEW**

¶5. When reviewing the dismissal of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

**DISCUSSION**

¶6. The trial court dismissed Borou's PCR motion, finding it had no jurisdiction. As an appellate court, it is our affirmative duty to determine whether we have jurisdiction over the matter before addressing the merits. *Winborn v. State,* 213 Miss. 322, 323, 56 So. 2d 885, 885 (1952). "A lack of standing 'robs the court of jurisdiction to hear the case.'" *Pruitt v. Hancock Med. Ctr.,* 942 So. 2d 797, 801 (¶14) (Miss. 2006) (quoting *McNair v. U.S. Postal Serv.,* 768 F.2d 730, 737 (5th Cir. 1985)). Therefore, absent standing, the appropriate disposition would be to dismiss the case.

---

[1] Borou offered his guilty plea in 2009. In his PCR motoin, he claimed that the United States Supreme Court's recent holding in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), required his attorney to inform him of the immigration consequences of a guilty plea. The United States Supreme Court has since held that *Padilla* does not apply retroactively to cases already final on direct review. *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013).

¶7.    Borou filed his PCR motion after his charge was dismissed and after his record was

expunged.  As we stated in *Alsahquni*:

> The purpose of the Mississippi Uniform ***Post-Conviction*** Relief Act is to
> "streamline and clarify the rules and statutes pertaining to post-conviction
> collateral relief law and procedures, to resolve any conflicts therein and to
> provide the courts of this state with an exclusive and uniform procedure for the
> collateral review of ***convictions*** and ***sentences***."   Further, Mississippi Code
> Annotated section 99-39-5 states that "any person sentenced by a court of
> record of the State of Mississippi, including a person currently incarcerated,
> civilly committed, on parole or probation or subject to sex offender registration
> may file a motion to vacate, set aside or correct the judgment or sentence."

*Alsahquni*, 150 So. 3d at 162 (¶8) (internal citation omitted); Miss. Code Ann. § 99-39-3

(Rev. 2007).

¶8.    The court did not accept Borou's guilty plea.  Borou instead received five years of

nonadjudicated probation under Mississippi Code Annotated section 99-15-26 (Rev. 2007).

Section 99-15-26 states in relevant part:

> (1) In all criminal cases, felony and misdemeanor, other than crimes against
> the person, the circuit or county court shall be empowered, upon the entry of
> a plea of guilty by a criminal defendant, to ***withhold acceptance of the plea***
> ***and sentence*** thereon pending successful completion of such conditions as
> may be imposed by the court pursuant to subsection (2) of this section . . . .
>
> (2)(a) Conditions which the circuit, county, justice or municipal court may
> impose under subsection (1) of this section shall consist of:
>
> > (i) Reasonable restitution to the victim of the crime.
> >
> > (ii) Performance of not more than nine hundred sixty (960) hours of
> > public service work approved by the court.
> >
> > (iii) Payment of a fine not to exceed the statutory limit.
> >
> > (iv) Successful completion of drug, alcohol, psychological or

4

psychiatric treatment, successful completion of a program designed to bring about the cessation of domestic abuse, or any combination thereof, if the court deems treatment necessary.

(v) The circuit or county court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed five (5) years . . . .

. . . .

(4) Upon successful completion of the court-imposed conditions permitted by subsection (2) of this section, the court shall direct that the cause be dismissed and the case be closed.

(5) Upon motion therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.

(Emphasis added).

¶9. Borou was discharged from his nonadjudicated probation. Thereafter, his charge was dismissed and his record was expunged. He was neither convicted nor sentenced in accordance with Mississippi Code Annotated section 99-39-5. Therefore, Borou lacked standing to file a PCR motion, and this Court need not address the merits of Borou's claim that he received ineffective assistance of counsel. We affirm the trial court's dismissal of Borou's motion.

¶10. **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY, DISMISSING THE MOTION FOR POST-CONVICTION RELIEF, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**