## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00747-COA

**CHARLES WINSTON, JR.**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:             06/30/2022
TRIAL JUDGE:                  HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:    WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       CEOLA JAMES
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: CASEY B. FARMER
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 06/06/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Charles Winston Jr. appeals the denial of his motion for post-conviction collateral

relief (PCR).  We affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2.     In February 2013, Charles Winston Jr. waived his right to an attorney and pled guilty

to shoplifting in the Municipal Court for the City of Vicksburg.  He was convicted and

sentenced to two days in jail with his sentence suspended upon completion of an anti-

shoplifting course.

¶3.     Approximately seven years later, in March 2020, Winston filed in the municipal court

an "Amended Motion for Post Conviction Relief," claiming that his guilty plea was

involuntary.[1] He also seemingly claimed, based on new evidence, that his shoplifting conviction should be vacated because his conviction would prevent him from sealing a record in another state. The municipal court denied the PCR motion as barred by the applicable three-year statute of limitations. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Subsequently, Winston filed a motion for rehearing, which was denied.

¶4. In August 2020, Winston appealed to the Warren County County Court. The city prosecutor filed a motion to dismiss asserting that the municipal court could not consider Winston's PCR motion because it was not a "court of record" as contemplated by the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). During a hearing, Winston asserted that although it was not mentioned in the court's order, the municipal judge indicated that the court had jurisdiction. According to Winston, the only basis for the municipal court's denial of his PCR motion was that the three-year statute of limitations had expired. And Winston seemingly argued that the municipal court should not have denied his PCR motion because the court raised the statute-of-limitations issue sua sponte. Additionally, Winston explained that he was seeking to vacate his shoplifting conviction because it prohibited him from sealing a record in Florida. Winston's father testified that he was present when Winston pled guilty and assumed that Winston's conviction would later be expunged. It was not until later he realized that an expungement would not help Winston and that the record in the Florida case would remain unsealed. Following the hearing, the

_____

[1] Winston later asserted that he did not voluntarily waive his right to an attorney because he did not understand the waiver that he signed when he pled guilty. According to Winston, he had learning disabilities.

2

county court held that the municipal court did not have jurisdiction to consider Winston's PCR motion.

¶5. After the county court denied his motion for rehearing, Winston appealed to the Warren County Circuit Court, which similarly held that Winston did not have standing to seek post-conviction relief from his municipal-court conviction. On appeal, Winston claims that (1) the municipal court had jurisdiction to consider his PCR motion, and (2) his PCR motion was excepted from the three-year statute of limitations.

## STANDARD OF REVIEW

¶6. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## DISCUSSION

¶7. The UPCCRA sets forth the statutory law pertaining to post-conviction collateral relief. Miss. Code Ann. § 99-39-3(1) (Rev. 2020). Mississippi Code Annotated section 99-39-5(1) sets forth the grounds and limitations for PCR motions and provides, in relevant part:

> Any person sentenced by a *court of record* of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

3

. . . .

(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

. . . .

(g) That his plea was made involuntarily; [or]

. . . .

(i) That he is entitled to an out-of-time appeal[.]

Miss. Code Ann. § 99-39-5(1) (emphasis added).  Winston was sentenced by the Municipal Court for the City of Vicksburg.  A municipal court, however, is not a court of record.  Our law provides: "The municipal judge shall have the jurisdiction to hear and determine, without a jury and *without a record* of the testimony, all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality and to punish offenders therefor as may be prescribed by law."  Miss. Code Ann. § 21-23-7(1) (Supp. 2019) (emphasis added).  Additionally, our supreme court has stated that "a city court is not a court of record in Mississippi[.]"  *Page v. Wiggins*, 595 So. 2d 1291, 1295 (Miss. 1992).

¶8.     This Court has held that when a movant "was neither convicted nor sentenced in accordance with . . . section 99-39-5," the movant "lack[s] standing to file a PCR motion."  *Alsahquni v. State*, 150 So. 3d 159, 163 (¶10) (Miss. Ct. App. 2014).  Because Winston was not sentenced in accordance with the statute, he lacked standing to file a PCR motion.  "A lack of standing robs the court of jurisdiction to hear the case."  *Id.* at 162 (¶7) (quoting *Pruitt v. Hancock Med. Ctr.*, 942 So. 2d 797, 801 (¶14) (Miss. 2006)).

¶9. Even assuming the municipal court had jurisdiction, Winston's PCR motion was time-barred because it was filed outside the three-year statutory limitations period. The Mississippi Supreme Court recently overruled precedent applying "the judicially crafted fundamental-rights exception" to "the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell v. State*, 358 So. 3d 613, 515-16 (¶¶8,12) (Miss. 2023). However, because the municipal court lacked jurisdiction, we affirm the circuit court's order of dismissal.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**