# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00985-COA

**JEEL MAHESHBHAI PATEL**                                                           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                               **APPELLEE**

DATE OF JUDGMENT:                07/26/2022
TRIAL JUDGE:                     HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:       RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         NATHAN HENRY ELMORE
                                 KAI-CHUNG TSAO
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 09/26/2023
MOTION FOR REHEARING FILED:

### BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     Pursuant to a pretrial intervention agreement (the Agreement), Jeel Patel admitted that he conspired to transfer less than thirty grams of marijuana, and he agreed to satisfy certain terms and conditions of the Agreement for a period of one year.  In exchange, the circuit court withheld adjudication of Patel's case, and after Patel had satisfied the terms of the Agreement, the court dismissed the charge and later expunged all records of the case.  Eight years later, Patel learned that notwithstanding the dismissal and expungement, his admission of guilt in the Agreement rendered him ineligible for lawful permanent residence status under the Immigration and Nationality Act (INA).  Patel then filed a motion in the circuit court to

"withdraw and vacate" his prior admission of guilt in the Agreement. The circuit court denied the motion, holding that it had "no jurisdiction or authority to grant the relief sought" given that the charges against Patel had been dismissed, the case closed, and the record expunged. Patel appealed. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In 2012, Jeel Patel, two other men, A.A. and B.B.,[1] and a juvenile male held a "bachelor party" in a hotel room in Pearl. A.A. responded to an advertisement for escort services posted on the website "backpage.com." After several text messages and phone calls, A.A. agreed to pay $150 in cash and an unspecified amount of marijuana in exchange for lap dances and oral sex. Unbeknownst to the men, the Pearl Police Department had posted the ad as part of an undercover operation. When a female undercover officer arrived at the hotel room, A.A. gave her $120 in cash, and B.B. gave her about four grams of marijuana. Officers then arrested all three men and the juvenile.

¶3. Patel was charged with conspiracy to transfer less than thirty grams of marijuana, but he avoided conviction by entering into the Agreement with the district attorney. Patel signed the Agreement with the advice of counsel. Pursuant to the Agreement, Patel agreed to comply with certain terms and conditions—e.g., commit no crimes, consume no alcohol or drugs, avoid convicted felons, maintain employment, and pay court costs and program fees—for a period of one year. He also "admit[ted]" that he "willfully, unlawfully, feloniously, knowingly and intentionally conspire[d] to sell or transfer [less than thirty grams

---

[1] We use fictitious initials for the other men involved because we do not know whether either or both of them also had their records expunged.

of] marijuana[.]" Patel satisfied the terms of the Agreement, the charge against him was dismissed in 2014, and all records of the case were later expunged. *See generally* Miss. Code Ann. §§ 99-15-105, -107, -109, -115, -117, -123 (Rev. 2020).

¶4. Several years later, Patel applied for lawful permanent residency status under the INA.[2] In December 2021, the United States Citizenship and Immigration Service denied Patel's application pursuant to section 212(a)(2)(A)(i)(II) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i)(II), which provides that an alien who has admitted to having committed a violation of any law related to a controlled substance "is inadmissible."

¶5. Patel then filed a motion in the circuit court to "withdraw and vacate" his prior admission of guilt in the Agreement. Citing *Padilla v. Kentucky*, 559 U.S. 356 (2010), Patel argued that his attorney provided ineffective assistance by failing to advise him of the immigration consequences of his admission and the Agreement. The circuit court denied the motion, holding that it had "no jurisdiction or authority to grant the relief sought" because the charges against Patel had been dismissed, the case closed, and the record expunged. Patel filed a motion for reconsideration, which was denied, and then appealed.

**ANALYSIS**

¶6. In two prior cases, this Court has addressed similar motions seeking to set aside guilty pleas that resulted in non-adjudicated probation and a dismissal of charges. *Alsahquni v. State*, 150 So. 3d 159 (Miss. Ct. App. 2014); *Borou v. State*, 159 So. 3d 620 (Miss. Ct. App. 2015). In *Alsahquni*, a convenience store owner (Alsahquni) pled guilty to selling precursors

---

[2] Patel's immigration status at the time of his arrest and in the intervening years is not clear from the record in this case.

(pseudoephedrine), but the court withheld acceptance of the plea and placed Alsahquni on non-adjudicated probation. *Alsahquni*, 150 So. 3d at 161 (¶2). "Despite the dismissal of the charges, Alsahquni's guilty plea negatively affected his immigration status; he was taken into federal custody for potential deportation." *Id.* Alsahquni then filed a motion for post-conviction relief (PCR) in the circuit court, arguing that he had received ineffective assistance of counsel and that his plea was involuntary. *Id.* at (¶3). The circuit court dismissed Alsahquni's PCR motion, holding that it lacked jurisdiction because the charges against him had been dismissed. *Id.* at (¶4).

¶7.     On appeal, this Court affirmed. *Id.* at 164 (¶10). We explained,

> The purpose of the Mississippi Uniform **Post-Conviction** Relief Act is to "streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of **convictions** and **sentences**." Miss. Code Ann. § 99-39-3 (Rev. 2007) (emphasis added). Further, Mississippi Code Annotated section 99-39-5 states that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration . . . may file a motion to vacate, set aside or correct the judgment or sentence[.]"

*Alsahquni*, 150 So. 3d at 162 (¶8). We held that "Alsahquni lacked standing to file a PCR motion" because "[h]e was neither convicted nor sentenced"; rather, all charges against him had been *dismissed*. *Id.* at 163 (¶10).

¶8.     The material facts and procedural history of *Borou* were substantially similar. *Borou*, 159 So. 3d at 621 (¶¶2-4). As in *Alsahquni*, the circuit court withheld acceptance of Borou's guilty plea and then dismissed all the charges against him after he completed his non-adjudicated probation. *Id.* at (¶3). Borou later filed a PCR motion to set aside his guilty plea

4

on the ground that his attorney had failed to advise him of the immigration consequences of the plea. *Id.* The circuit court denied Borou's motion, and this Court affirmed, holding that "Borou lacked standing to file a PCR motion" because "[h]e was neither convicted nor sentenced"; rather, all charges against him were *dismissed*. *Id.* at 623 (¶9).

¶9.     In an effort to avoid the holdings of *Alsahquni* and *Borou*, Patel asserts that "neither of those cases present the unusual facts of this case" and that "neither of those cases involved a claim of actual innocence." However, Patel does not describe what he means by the "unusual facts of this case" or how any factual distinctions make any *legal* difference. Moreover, as for his claim of "actual innocence," Patel's affidavit never actually claims that he is innocent. Rather, Patel's affidavit only states that he was not advised of the immigration consequences of his admission or the Agreement. Patel's claim of actual innocence rests entirely on the fact that the reports of the Pearl Police Department indicate that Patel did not communicate directly with the undercover officer or personally give her the drugs. However, Patel clearly could have been convicted of conspiring to transfer marijuana in exchange for lap dances and oral sex even if he did not directly communicate with the undercover officer or personally give her the drugs.

¶10.    In any event, the dispositive issue in this case is controlled by our decisions in *Alsahquni* and *Borou*. Patel "lack[s] standing to file a PCR motion" because "[h]e was neither convicted nor sentenced"; rather, all charges against him were dismissed, his case was closed, and the record was expunged. *Alsahquni*, 150 So. 3d at 163 (¶10); *Borou*, 159 So. 3d at 623 (¶9); *see also Rodriguez v. State*, 437 S.W.3d 450, 457 (Tenn. 2014) (holding that

5

a similar claim was not cognizable under Tennessee's Post-Conviction Procedure Act because a pretrial diversion agreement had resulted in the dismissal of all charges and an expunction, not a "conviction"). The fact that federal immigration authorities may attach certain consequences to Patel's Agreement does not transform the Agreement into a conviction or sentence for purposes of Mississippi law. Moreover, Patel identifies no other procedural mechanism that would allow him to challenge an admission that did *not* result in a conviction years after all the charges against him had been dismissed. Therefore, the circuit court properly dismissed Patel's motion for lack of jurisdiction.

¶11.   **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.   EMFINGER, J., NOT PARTICIPATING.**